I knew there was a good reason for us to hold court on Tuesday rather than Monday. And I'm glad everybody was able to get here. Sorry, we do prepare. I should be sitting there. I should be sitting there. Good. When you start to look at your notes and you realize that they are somebody else's notes. Then you find out how the case should be decided. Good. The first matter is Ruiz versus Lebanon County. Good morning. My name is Charles Wasilewski. I represent Detective Sergeant Richard Radwanski, who is a member of the Lebanon County Drug Task Force that was involved in the investigation and arrest for drug trafficking in the Lebanon County area. This matter comes before the court on the denial of a motion for summary judgment related to the issue of qualified immunity. Sergeant Radwanski was part of a drug task force that was involved. Good. I think we're familiar with the facts here. Am I correct that the focus of the plaintiff's argument before the district court was that the wrong person was arrested and that insufficient attention was given to that fact? But it seems to me that Judge Rambo was focused on something else, which was a lack of probable cause generally in the affidavit. Am I correct? That's correct, Your Honor. Okay. Well, tell us why Judge Rambo was wrong in your view. Okay. First of all, Your Honor, the main issues that we have is that, number one, the affidavit itself has sufficient facts set forth in the affidavit to show probable cause. Tell us specifically what facts are sufficient in the affidavit. In the affidavit, if you look at... Where is it in the appendix? It's 45A of the appendix to the briefer for Radwanski. That's one of them in 40... Okay. I think it's 48A. Yeah, okay. Judge Rambo primarily focused on paragraphs... and you said, I think, that the facts are sufficient in the affidavit. And I'm asking you, what does the affidavit say that's sufficient as a matter of law? Okay. First of all, what I was getting to is Judge Rambo focused on two paragraphs in the affidavit. There were paragraph two and paragraph three. Yeah, but there's only five. There's only five. Go ahead. Yes, and with regard to the facts that are contained in the affidavit, we'll take one on 45A. It states in there the facts are on June 12, 2002, at about 1615 hours, while in the 800 block of East Arnold Street, Lebanon City, Lebanon County, defendant Samuel Ruiz sold, delivered cocaine, a scheduled... We can all read it. That's the facts. That is the facts, Your Honor. Doesn't it say how they know? As a matter of law, isn't the affiant required to say how the affiant has that information? Your Honor, with regard to this, I think the affiant, number one, had personal knowledge with regard... No, no, what you... I mean, not what you think, but what it says. Does it say what is from the affiant's personal knowledge and what is from the confidential informant? No, it doesn't, Your Honor. Isn't it supposed to under the law? Not necessarily. What does the Supreme Court hold in Franks? Your Honor, with regard to... I understand what you're saying, but our... I'm asking. Okay, what you're asking. Our argument goes to the fact that what Judge Rambo complains about with regard to this affidavit are actually omissions. That's one of the omissions that's not in the affidavit. Okay. If, in fact, those facts were placed in the affidavit, it would not have changed the outcome. Yeah, but we don't know that, do we? Isn't that the whole purpose of affidavits? That is the purpose. Would you give the neutral law finder a full statement of how the information is there so that further inquiry can be made? That's the purpose of it, Your Honor, but apparently in this particular instance the... It wasn't done. Well, but the neutral party also did not feel she needed it. Well, so what? She was a district justice, right? That's correct. Not a federal magistrate. That's correct. Yeah, but does it matter if the law as set forth by the Supreme Court says this is what an affidavit has to have? What difference does it make if it... I mean, your client may win ultimately in court. The question we have, I think, is based on what we now know or based on what was there, did it satisfy the Constitution as set forth by the Supreme Court? And our position is that it did. Well, then, okay, but it doesn't say where the knowledge, how the knowledge... It does not say that. And it doesn't describe Samuel Ruiz at all. It doesn't give any way of knowing that this is the right Samuel Ruiz. In fact, this Samuel Ruiz was something like... This one they arrested was something like five inches taller than the real one. Well, I'm not sure... Five nine or something like that. Your Honor, I'm not sure those facts are accurate. Those facts have been stated. I don't know if they're accurate. There has not been anything placed in the record with regard to that other than argument from Plaintiff's Counsel or from the Appellee's Counsel. There is nothing in the record that would indicate what the height of the individual who eventually was arrested for this, what his height was. No, I understand that. And all I'm asking, and I didn't mean to monopolize the questions from the Court, but when the magistrate, well, it's not a magistrate, the state official, looks at this, what is there in here that shows from which that person can know that a warrant should issue? Your Honor, there are facts in there, and that's what I'm... There are conclusions, but there are no facts. Those are not conclusions. I beg to differ. Please tell us what the facts are. Okay, the facts are that on a specific date, at a specific place, that the Samuel Ruiz sold cocaine to an informant. That was observed by the Affians. They were not parties to it, but it was observed by them. In the record of this case, there's the depositions of the Affians that indicate that they were present when the sale occurred. With regard to the... Excuse me, but did they see the Samuel Ruiz whole plate? I thought it said that they just saw a little part of the side of him. That's correct. They were not in close proximity to where the sale took place. They observed it from a distance. And what did they see? I mean, how much of the man did they see? They saw a man. That's all I can say. Did they see his face? They did not see his face. Where does it say that they saw him? I don't see that. Paragraph 1 says who they are. It says they're experienced. And then Paragraph 2 says that certain things happened. It doesn't even say that they saw it happen or that they were physically present. They omitted that. That's correct, Your Honor. That was an omission. But if you put those facts in there, it doesn't change the outcome of this. We cited cases that indicate that... Well, let's assume for a minute that this is too conclusory. Let's assume that this affidavit is invalid under Supreme Court law. What about the second prong? Why would this mistake be objectively reasonable, such that your clients would be entitled to qualified immunity? I'll answer your question when my time is up, Your Honor. With regard to that, when you look at the law and you're looking at these affidavits for probable cause, it talks about that if there's omissions, and not misrepresentations, but omissions. Omissions in and of themselves do not disqualify from having probable cause, especially if the facts that were omitted are facts that would not have changed the ultimate outcome. And we cite in our brief the facts that were involved that Judge Rambo indicates should have been in and were omitted. When you put those facts in there, it doesn't change the end result. Probable cause would have been found, and therefore the arrest warrant would have issued. All right. Any other questions? No, sir. We'll hear from Mr. Gicking then. Thank you very much. Thank you. Good morning. Good morning. Jim Gicking for Detectives Barrett and Breiner. Yeah, please pull the mic up a little bit, please. That's good. Jim Gicking for Detectives Barrett and Breiner. I just raised one point in my brief, which was that the district court, as you said at the outset, Judge Sirica, focused on the wrong issue here. The plaintiff acknowledged certain facts from this affidavit, acknowledged that there was a defendant, Samuel Ruiz, didn't challenge that. Footnote 9 of the court's October 2007 memorandum opinion, in fact, once again notes that the plaintiff was making claims of negligent investigation and reckless providing of information, neither one of which were in the complaint, and that the negligent investigation claim would not, in any event, meet the constitutional standards. Mr. Gicking, could you please look at Judge Rambo's opinion and tell us if there's any statement of law or fact that's erroneous? I went through that opinion the other day. Just look at the opinion. It's a wrong opinion. Does she make any wrong statement as a matter of law, or does she make any wrong statement as a matter of fact? Well, no. Then why should we reverse a district court who didn't make any wrong statement? Because the plaintiff is the master of his claim, and here the plaintiff in responding to the motion for summary judgment on qualified immunity did not challenge the relevant aspects of this warrant. If you look at the record, the concise statement of facts in opposition to that motion for summary judgment at A137, 138 in the numbered paragraphs, acknowledges that there was a defendant, Samuel Ruiz, doesn't challenge the basis for the affidavit. Judge Rambo does, and she takes it apart, and she does not misstate any part of the record in doing so. Let's get beyond that particular point. Assuming that there were omissions in the affidavit, why does qualified immunity still apply in this case? I'm not sure I can answer that, quite frankly. It seems to me that if the plaintiff isn't making that claim, that there's something deficient in the affidavit itself and is instead saying that the investigation following is the crux of his claim, then I don't understand how the court could deny qualified immunity, because that is the claim that the plaintiff has raised, and it is not a constitutional violation. She says clearly in footnote nine, and she said in brief leading up to this, that the way the plaintiff had framed his cause of action in response to the qualified immunity motion did not state a constitutional violation. And when it came to recklessly providing incorrect information, that that claim was not stated in the complaint. It does not address the issues in the affidavit. So if you present a motion for summary judgment saying that you're entitled to qualified immunity and the response from the plaintiff is directed to some other issue, it seems to me that the qualified immunity issue would have to be determined in favor of the officers, that the court can't reach that issue on its own and decide an issue that the plaintiff hasn't raised. Did you argue that to Judge Rambo? I mean, I know you've argued it here, but Judge Rambo believed the issue was joined. I understand that you're saying it. And she did it on the basis of one statement in the complaint. I mean, she did point to an allegation in the complaint saying that this was a warrant issue without probable cause. So that is in the complaint, but it wasn't raised in response to the motion for summary judgment on qualified immunity. I was in trial counsel, and it does not appear to have been raised below. I won't make that representation to court. That was an argument made to the court at the time, that the court is off in the wrong direction. Any other questions? Good. Anything else? No. Good. Thank you, Mr. Geichen. Mr. Allen. May it please the court, Attorney Clarence Allen representing the appellees. I've listened to opposing counsel's arguments regarding probable cause and the issue as to sufficient facts to support an affidavit of probable cause. Opposing counsel is correct that we did not object that the information that was contained in the affidavit of probable cause to a certain extent was correct. It was for Samuel Ruiz, and my client was named Samuel Ruiz. Our argument is not necessarily what was in the affidavit of probable cause, but what was not in the affidavit of probable cause. There was insufficient facts to warrant the issuance of a warrant. Did you raise that specifically? Yes, I did, Your Honor. In your complaint? In my complaint. Your Honor, I refer to, I believe it's the ninth page, paragraphs 52 to 56, where we state there's insufficient facts to support probable cause. The court looked at, under Angular v. Texas, looked at the criteria of the test for a magistrate to determine whether or not there's sufficient facts for a probable cause. In this particular case, the alleged drug sales happened in June and July of 2002. The execution of the arrest warrant happened in October of 2002. There was a sufficient period of time in this particular case for the policeman to determine whether or not this was, in fact, the right Samuel Ruiz. And, Your Honor, if we look at my appendix exhibit, I believe Exhibits 2 and 3, Exhibit 3 has a picture of, a driver's license picture of my client, Samuel Ruiz. And in that particular document, it states that his height is 6 feet 1 inches. The affidavit of probable cause, Samuel Ruiz, that they refer to, the height is from 5'7 to 5'9. Isn't that irrelevant, though? I mean, the question is the adequacy of the affidavit of probable cause, not whether they got the right guy. Well, in this case, it is relevant because there were other facts that would clearly have indicated that this was the wrong Samuel Ruiz. In particular, the affidavit, nowhere in the affidavit does it state that any of the policemen involved in the drug sale or the drug investigation ever saw the face of Samuel Ruiz. They saw the back of Samuel Ruiz, they saw the side of Samuel Ruiz. No policeman ever saw the face of this particular client. Why is that significant? Because they could not, there was insufficient evidence from the informant to clearly identify if this was, in fact, the right Samuel Ruiz. That's a different issue. There are two matters here. One is whether they should have done sufficient investigation to make sure the right Samuel Ruiz was being arrested. And there were some similarities in terms of information. They did do an investigation. They thought they had the right person. They had an address that was similar to the correct address. But isn't that different from what was in the affidavit with respect to the reliability of the informant and what the information that the informant gave to them? Are you saying they're all part of the same thing?  The facts given to them and the information given to them by the informant and the facts determined by the, alleged to be determined to be accurate by the police department, they're basically the same facts. They're all insufficient facts. I'm not sure, in answer to Judge Sirica's question, you're not claiming, I don't think, the district court didn't find that there was insufficient investigation. No, Your Honor. You're not claiming that. No. No, you're, okay. But that was part of your claim. Part of my claim was insufficient investigation. But the brunt of my argument was that there was an invalid, there was lack of probable cause for the affidavit arrest and the facts do not support that affidavit. If the affidavit had stated the facts, more facts, as they in fact were, would there not have been enough for the issuance of the warrant? Your Honor. A, that they heard from a confidential informant, that it was a confidential informant who had proven in the past to be accurate and that they had seen part but not all of this. Putting that all together, wouldn't a magistrate, district justice, have had the basis to issue the warrant? Would we be able to do anything about it? I feel that the magistrate would not have had the basis to issue a warrant. And I think Judge Rambo is correct in her memorandum opinion that the facts added together do not support. There's not enough there to support probable cause for a warrant. Well, assuming that there would have been enough based on the real facts, why should we reverse? Or I thought your argument was, well, I think an argument could be made that process really matters and that when the Supreme Court says you have to put certain things in, if you didn't put them in, then you have to go on to the next step. They might win, but that would be up to the trier of fact. And, Your Honor, again, that would be a factual issue for the trier of fact, but in this particular case, they didn't put enough in the affidavit of probable cause. And without additional information in the affidavit of probable cause, then the affidavit should never, the probable cause and the arrest warrant should never have been issued in this case. All right. Assume we agree with you on that. Why was it objectively unreasonable? You still have to show that it's not enough to show that the affidavit was insufficient. You have to show that it was objectively unreasonable. Why was this objectively unreasonable? Before I answer that question, Your Honor, there were two. Well, there were two. The police not only executed an affidavit for arrest, but the police also did an illegal search of the residence. And there was no affidavit of, there was no search warrant issue. There was no probable cause. Well, they don't need it. Once they're there to arrest them, if it's a valid arrest warrant, then I don't think that's the issue. My question is, why was this objectively unreasonable? Let's assume that it was insufficient. It was lacking because it omitted information that it should have contained. Why was it objectively unreasonable such that it needs to be invalidated? Because there was not even a scintilla of facts to support the affidavit for arrest. There was nothing there, the warrant for arrest. There was no basis at all to support, my argument is, there was no basis at all to support the arrest warrant. The only information that they used was the information from an informant, and that information was not collaborated in any way by the police. The police had, in this particular case, the police had almost four months to verify facts, and they did not do it. Mr. Allen, what about the wife's claim? It sort of has disappeared out of this case. It seems to me she had a, I mean, there was no basis to go upstairs and intrusively search the wife's internal cavities, et cetera. Where is that claim? Did you drop that claim? No, I did not, Your Honor. The appeal was based on whether or not there was qualified immunity for the arrest warrant. There was another issue that was not appealed, and that was regarding the actual search of the residence and the actual search of Mrs. Carman. That's not before us. That's not before the court at this time. She was searched without a search warrant, and then she was, they tried to force her to sign a consent for a search warrant, and she refused to do so. She was seven and a half months pregnant. And searched nude while male officers were searching the residence. Oh, yeah, there was a female officer who searched her. That's correct, Your Honor. But as I understand it, nobody knows who that is. No, Your Honor, we were unable to identify that particular female officer. So you're saying the police department wouldn't have information as to which officers went out on this matter, but I guess you tried and couldn't get it. Correct, Your Honor. We couldn't get the identity, and we had set up a deposition for the female officer that we thought was the person identified in the complaint, but we were unable to get that information at that deposition. And that was not the fault of the defendant, the appellant, Your Honor. And could you tell us again your answer to Judge Hardiman's question as to why it was objectively unreasonable here to rely on this affidavit? Because it does not legally set forth sufficient facts to support a warrant for arrest. There are insufficient facts under the law to support an arrest warrant in this case. In fact, there are no facts to support an arrest warrant in this case. But now you're conflating the two elements, though. Now you're saying any time the affidavit is insufficient, ipso facto, it's objectively unreasonable. Isn't there some middle ground there where the warrant is insufficient, but yet it still passes muster under the objective reasonableness test? And then there's, of course, the third ground where it's both insufficient and objectively unreasonable. Your Honor, my argument is it's both insufficient and unreasonable. There is a middle ground. Right, but tell us. It would help, I think. It would certainly help me if you could flesh out what that middle ground is, if you could refer to some facts in this case or perhaps a hypothetical that would give us some indication as to the scope of that middle ground. If there were facts to indicate that Samuel Ruiz, as to his weight, his height, and the description of his face, if there were facts to indicate that this particular Samuel Ruiz wore particular items or clothes on this particular day and particular time of the alleged sale of cocaine and heroin, if there were facts that indicated that this particular Samuel Ruiz lived at a particular address and that this particular informant had on many occasions purchased cocaine or heroin from this Samuel Ruiz, if there have been facts to indicate that pictures were given to the informant so that the informant could indicate and identify specifically that this was the Samuel Ruiz that he purchased the drugs from, if there were sufficient facts to establish that the police corroborated this particular identity made by the informant by checking records, driver's license records, police records, to determine whether or not this indeed was the Samuel Ruiz that was identified in the arrest warrant. Well, you're alleging either carelessness or negligence on the part of the police officers here. They failed to do a sufficient investigation. That's the basis of your claim. Is that correct? Not that they failed to do a sufficient, just failed to do a sufficient investigation, but they failed to do any investigation that would fall within the premise of an investigation necessary for an arrest warrant. It just wasn't done. But you're not making a claim that they intentionally did this, that they stated something that was false, that they were trying to deceive the district justices. Am I correct about that? Indirectly, an argument can be made that they were trying to deceive the district justice because the information that they gave the district justice was all conclusory. There were no facts sufficient for the district justice to make an independent decision as to whether or not this probable cause for an arrest. And if we disagree with you on that issue, is there a difference legally between the police in a circumstance like this failing to put in sufficient information or failing to make the investigation that you think is appropriate and falsely putting in information or deliberately concealing information? Legally, is there a difference in terms of the objectively unreasonable standard? I think the objectionable reasonable standard would be met under both conditions. I think there's a stronger case that can be made because of the apparent misleading based on the facts they provided to the magistrate. But I think the facts are there for both issues to be argued, not only that it was deceitful because they left out certain information they never advised. In fact, it was the district justice didn't have any basis, in my opinion, to issue an arrest warrant. It was based on conclusory statements. Doesn't Frank's talk about either deliberate allegations of deliberate falsehood or reckless disregard for the truth? Yes, it does, Your Honor. Isn't that – are you saying that that's what we have here? Yes, Your Honor. I apologize. So if we disagree that it's reckless disregard for the truth, then you cannot prevail on this – on your position. Am I accurate? No, Your Honor. I think not only is reckless disregard, but we can still prevail – my argument would be that we can still prevail on this argument because there simply weren't sufficient facts at all to support the arrest warrant. And not just the misleading characters of the arrest warrant affidavit, but there weren't sufficient facts at all to justify an arrest warrant by the district justice. Okay. Thank you, Your Honor. Any other questions? Good. Thank you very much, Mr. Holland. Good. Thank you, sir.  Mr. Moszlewski, you're reserved. Two minutes, Your Honor. Can I pick up on the chief judge question about Frank's? Yes. I'm confused here as to why Malley isn't controlling here rather than Frank's. Malley was cited in only one of the three briefs, unfortunately, in Mr. Gicking's brief. But so maybe I'm addressing this question to the wrong counsel. Because I believe Frank's is controlling. Well, but this isn't a Frank situation. We're dealing – I think we all agree, do we not? We're dealing with omissions here, not misrepresentations. And it seems – my reading of Frank's is that Frank's deals with misrepresentation cases, falsehoods, whereas Malley deals with adequacy or omissions. Okay. That's correct, Your Honor. So why isn't this a Malley case? It is an omissions case. And with regard to that, you know, when you look at all the facts in this case and what happened, which we didn't get into in any of the arguments, but how they identified Samuel Ruiz is that the person who made the sale had a street name of Pito. The investigators did an investigation with regard to who is Pito, and Samuel Ruiz was mentioned numerous times, including from his landlord, in a place that was known for drug dealing. Is that in the affidavit? That's one of the omissions, Your Honor. There are omissions. So the magistrate district justice didn't know any of that? The district justice did not know any of that. But if you insert that, it doesn't change anything. In fact, it would add to the probable cause. It's in the Constitution. It changes that. Okay. With regard to, yeah, I just want to clarify something also. The police officer, the female police officer who did that search, she was identified. She was scheduled for a deposition, and through no cause of anybody, unfortunately, the deposition wasn't taken. There's a totally different story than what you see in the complaint with regard to that. So I just don't want the court to be tainted by what happened with the female plaintiff because you'd hear a different story if there was that testimony. Sure. If this case went to trial, there would be a lot of things in favor of the police. That's correct. And my time is up, but the crux of the whole thing is that we're saying that there were omissions in that affidavit. And the omissions, if you added those facts, would only enhance the affidavit and probable cause would have been shown. Let me just ask you the question that Judge Hardiman asked Mr. Allen. Why, in your view, is this not objectively unreasonable? Well, because of the fact that you do have these added facts that if added, it would not paint the probable cause. And when you look at the affidavit of probable cause, and it goes back to what I started out, I think you see that there was a crime, there's an allegation of a crime, although there's omissions as to how they came about that knowledge, there's an allegation of a crime and there's an identity of Samuel Ruiz as the person who committed the crime. Adding the facts that are omitted would not change any of that. It still would have the allegation of a crime committed by a Samuel Ruiz. All right. Good. Any other questions? Thank you very much. The case was well argued. We'll take the case under advisement.